UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCIS TOURTELOTTE and          :
GERALDINE LINEWEBBER             :
v.                               :    CIV. NO. 3:11CV1454 (WWE)
ANVIL PLACE MASTER TENANT,       :
LLC, ANVIL PLACE LIMITED         :
PARTNERSHIP, ANVIL PLACE         :
AFFORDABLE HOUSING INC.          :
and MILLENNIUM REAL ESTATE       :
SERVICES, LLC                    :
                                 :
ANVIL PLACE MASTER TENANT,       :
LLC and ANVIL PLACE LIMITED      :
PARTNERSHIP                      :
        Third Party Plaintiffs   :
v.                               :
MILLENIUM REAL ESTATE SERVICES:
        Third Party Defendant    :
                                 :
MILLENIUM REAL ESTATE SERVICES:
        Third Party Plaintiff    :
v.                               :
WILLIAM H. RECKMEYER, ESQ.       :
        Third Party Defendant    :

DISCOVERY RULING

        This is an action for injunctive relief and damages for

violation of the rights of plaintiffs Francis Tourtelotte and

Geraldine Linewebber under the Fair Housing Amendments Act of

1988 ("FHA") and Section 504 of the Rehabilitation Act of 1973.

Defendants are Anvil Place Master Tenant, LLC; Anvil Place, LP

and its general partner, Anvil Place Affordable Housing, Inc.

(collectively "Anvil Place") and its agent and property manager,

Millennium Real Estate Services, LLC.  Plaintiffs allege that

defendants violated 42 U.S.C. § 3604(f)(1),(2) & (4) by

1

subjecting plaintiffs to less favorable terms and conditions of tenancy on the basis of disability, making housing unavailable to them on the basis of disability, and refusing to grant their request for a reasonable accommodation.  Plaintiffs also allege that defendants violated 42 U.S.C. §3617 by pursuing an eviction action against plaintiffs based on the presence of an overnight aide. Because defendants are recipient of federal funding, plaintiffs also contend that defendants' conduct violates Section 405 of the Rehabilitation Act of 1973 by discriminating against plaintiffs on the basis of their disabilities. [Doc. #62].

Pending is plaintiffs' Motion to Compel Discovery. **[Doc. #96].**  A conference and oral argument as held on the record on November 1, 2012, to address this motion and other discovery issues.

**Standard of Review**

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." In re Priceline.com Inc. Securities Litigation, 233 F.R.D. 83, 85 (D. Conn. 2005) (quoting Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002)).

> The party resisting discovery bears the
> burden of demonstrating that its objections
> should be sustained, and pat, generic, non-
> specific objections, intoning the same
> boilerplate language, are inconsistent with
> both the letter and the spirit of the
> Federal Rules of Civil Procedure. An
> objection to a document request must clearly
> set forth the specifics of the objection and
> how that objection relates to the documents
> being demanded.  The objecting party must do
> more than simply intone the familiar litany
> that the interrogatories are burdensome,
> oppressive or overly broad. Instead, the
> objecting party must show specifically how,
> despite the broad and liberal construction
> afforded the federal discovery rules, each
> request is not relevant or how each question
> is overly broad, burdensome or oppressive by
> submitting affidavits or offering evidence
> revealing the nature of the burden.

Id.

## **Plaintiffs' Motion to Compel [Doc. #96]**

Plaintiffs move to compel Millenium to respond to Interrogatory Nos. 10 and 11 and Requests for Production Nos. 12, 13, and 14, served on May 24, 2012. They seek an award of costs for this motion.

Defendant Millenium filed identical boilerplate objections to each of these interrogatories and requests for production.[1]

---

[1] Defendant's identical responses state,

> The third party defendant objects to this interrogatory as
> overly broad, unduly burdensome and not calculated to lead
> to any discoverable evidence.  Fed. Rule Civ. Pro. allows
> discovery regarding "any nonprivileged matter that is
> relevant to any party's claim or defense." The third party
> defendant's profits, [bank accounts and tax returns] are
> not relevant to the plaintiff's claims nor the third party

"'[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy' while producing 'no documents and answering no interrogatories are a paradigm of discovery abuse.'" Freydl v. Meringolo, 09Civ. 07196(BSJ)(KNF), 2011 WL 2566087, *3 (S.D.N.Y. June 16, 2011) (quoting Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009)). "The party resisting discovery bears the burden of showing why discovery should be denied." Id. (quoting Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009)). Millenium had made no specific showing "how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." In re Priceline.com Inc. Securities Litigation, 233 F.R.D. at 85. Accordingly, plaintiffs' Motion to Compel **[doc. #96]** is **GRANTED** on this record.

Defendant will provide interrogatory responses under oath and complete production by Friday November 16, 2012. If there are no responsive documents, after a good faith effort to locate

---

defendant's defenses, particularly since the plaintiff has not plead over against the third party defendant.

See Doc. #105 at 2-3 responses to Int. 10, 11, req. for prod.12, 13, 14.

them, defendant will so state under oath and withdraw its objection. Plaintiffs' request for sanctions is **DENIED** without prejudice to renewal at the conclusion of the case.

## Plaintiff's Oral Motion to Compel Responses to Interrogatory Nos. 3, 7, 9

Interrogatory No. 3: On August 30, 2012, defendant Millenium stated that a response would be provided, but none was. During the conference, Millenium agreed to provide an immediate response with the information it now has and supplement the response when the outstanding information from the last employee is available.  See Fed. R. Civ. P. 26(e).  Defendant will provide a supplemental interrogatory response under oath by November 21, 2012.

## Discovery re: Attorney Reckmeyer

Interrogatory No. 7: State the basis for your Affirmative Defense.

Interrogatory No. 9: State the basis for your contention that W. Herbert Reckmeyer, Esq. was an agent of Anvil Place Master Tenant, LLC and/or Anvil Place Limited Partnership.

Request for Production No. 7: Please produce any written communications between you and W. Herbert Reckmeyer Esq. for the time period of January 1, 2010 to the present.

Both of Millenium's interrogatory responses refer to its response to Interrogatory No. 6 which states, "Payment checks to Attorney Reckmeyer, Kapa Letter, Notice to Quit, Summary Process Complaint." Defendant may not avoid answering an interrogatory

by reference to deposition testimony and/or documents.

On October 12, 2012, Millenium filed a Third Party Complaint [Doc. #114] against Attorney Reckmeyer, seeking indemnification (count one) and alleging legal malpractice (count two).  In sum, Millenium alleges that it "relied upon the legal advice and experience of Attorney Reckmeyer to obtain the lawful removal of John Eskedel from the apartment on the grounds that he was an unapproved occupant who had no right to use or possess the premises . . . ." [Doc. #114 at 5]. Defendant alleges that Reckmeyer breached his duty of care to Millenium and his conduct fell below that of the standard of care expected of a legal professional. Id. at 9.  Plaintiff seeks discovery regarding Millenium's relationship with Attorney Reckmeyer. Specifically, the monetary and non-monetary evictions related to the Anvil property as well as other Millenium properties dating to January 2010.  At the conference, Millenium stated that there is no retention letter with Attorney Reckmeyer for his work performed in this matter.  Millenium will provide this response under oath.

Millenium will provide responses to these interrogatories and request for production and provide the Court and plaintiffs with a breakdown of the information, such as the number of Millenium clients Attorney Reckmeyer represented and the number

of monetary and non-monetary evictions he has filed since January 2010. Millenium will prepare a privilege log pursuant to D. Conn. L. R. 26(e), including but not limited to: the type of document, the general subject matter of the document, the author of the document, each recipient of the document, the Millenium client the document relates to, and the grounds for the privilege.  The defendant will propose a way for the Court to review the documents. The Court will not consider hypothetical privilege claims.

The parties will endeavor to enter into a protective order without the Court's involvement. Regarding non-privileged documents, Millenium may redact the names of the clients without prejudice to plaintiff seeking the information upon a further showing.

Defendant will provide interrogatory responses under oath, document production, and its privilege log by November 21, 2012. If there are no responsive documents, after a good faith effort to locate them, defendant will so state under oath and withdraw its objection.

**Plaintiffs' Oral Motion to Compel Discovery Responses Dated September 26, 2012**

At oral argument, plaintiffs sought responses from Millenium for discovery requests dated September 26, 2012. Millenium agreed to provide objections by the close of business November 1, 2012. The parties will meet and confer upon counsel's return from vacation and endeavor to resolve the objections before filing a motion to compel.  The Court encourages the parties to contact the Court to schedule a discovery conference if they seek mediation of their discovery disputes.

**Joint Proposed Amended Scheduling Order**

Discovery closes on November 30, 2012. The parties will meet and confer and file a joint proposed amended scheduling order on or before November 15, 2012. If the parties cannot reach an agreement, they will contact the Court to schedule a case management conference.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Compel **[Doc. #96]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling. Plaintiffs' request for sanctions is **DENIED** without prejudice to renewal at the conclusion of the case.

The parties are reminded of their on-going duty to

supplement or correct disclosures or responses under Fed. R. Civ. P. 26(e).[2] The parties are directed to contact the Court if there is any delay in complying with these deadlines.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

Entered at Bridgeport this 9th day of November 2012.


```
           /s/
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```

---

[2]Fed. R. Civ. P 25(e) Supplementing Disclosures and Responses.
(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing […].

9